IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| FRANK MASCARENA, | CV 23-10-BU-BMM |
| Plaintiff, | |
| vs. | ORDER |
| OFFICE OF THE STATE PUBLIC DEFENDER, CALEB EGBERT, MATTHEW CLAUS, | |
| Defendants. | |

Plaintiff Frank Mascarena, a pretrial detainee, filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 2.) Liberally construed, Mr. Mascarena alleges his right to effective assistance of counsel has been violated in his pending Yellowstone County criminal proceedings during his fitness to proceed evaluation at the Montana State Hospital Forensic Unit in Galen, Montana. (*Id.* at 2-4.)

I.  **Screening Requirement**

Mr. Mascarena is a prisoner proceeding in forma pauperis; accordingly this Court must review his Complaint. *See* 28 U.S.C. § 1915 and § 1915A. These provisions require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

1

monetary relief from a defendant who is immune from such relief. *See* Sections 1915A(b) and 1915(e)(2)(B).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain a sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than…unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id*. (internal quotation marks omitted).

The Court liberally construes the pleading to determine whether a case should be dismissed for failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual and legal basis. *See Jackson v. Arizona*, 885 F. 2d 639, 640 (9th Cir. 1989) (discussing Fed. R. Civ. Pro. 12(b)(6)), superseded on other grounds by *Lopez v. Smith*, 203 F. 3d 1122 (9th Cir. 2000).

##  II.     Factual Allegations

At the time of filing the complaint, Mr. Mascarena was at the Montana State Hospital undergoing a mental health evaluation to determine his fitness to proceed in a criminal matter pending before Judge Souza in Yellowstone County. (Doc. 2 at 2-3.) Caleb Egbert was appointed to represent Mr. Mascarena in July of 2022. (*Id*. at 4.) Matthew Claus was subsequently appointed to represent Mr. Mascarena in January of 2023. (*Id*.)

Mr. Mascarena contends that he has severe mental health issues and requires special needs and an attorney who is trained in understanding of these mental health needs. (*Id*. at 5.) Mr. Mascarena seems to fault both of his appointed attorneys for failing to possess such specialized knowledge, as well as the State Office of the Public Defender for failing to provide specialized training for attorneys within their system to represent individuals similarly situated to Mr. Mascarena. (*Id*. at 5-7.) Mr. Mascarena believes the Public Defender system should require a specialized group of attorneys take on special needs cases, like his, in order to provide effective representation. (*Id*. at 7, 14-15.) Mr. Mascarena claims that Mr. Egbert agreed to represent him, knowing he did not possess the requisite experience or training to handle the case. (*Id*. at 8-9.) Mr. Mascarena similarly claims, despite his 24-year long law career, Mr. Claus lacks the knowledge to

3

understand the mental health issues and procedures central to his case. (*Id.* at 9-11.)

Mr. Mascarena seeks declaratory relief, compensatory damage in the amount of $298,500, punitive damage in the amount of $11,710 against each defendant, in addition to his attorney's fees. (*Id.* at 16.)

### III.   Analysis

To state a plausible claim under the civil rights statute, a plaintiff must allege a violation of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *Crumpton v. Gates*, 947 F. 2d 1418 (9th Cir. 1991). The "color of law" or "state actor" requirement is "a jurisdictional requisite for a § 1983 action." *West v. Atkins*, 487 U.S. 42, 46 (1988); *Gritchen v. Collier*, 254 F. 3d 807, 812 (9th Cir. 2001). While Mr. Mascarena is seeking to sue the two attorneys appointed to represent him in his criminal case, as well as the State Office of the Public Defender, he fails to state a claim against these potential defendants.

In *West v. Atkins*, 487 U.S. 42 (1988), the United States Supreme Court reiterated its earlier holding that criminal defense attorneys are not considered "state actors" under § 1983 because, in their unique function, they are not acting on behalf of the state:

> Indeed, *Polk County v. Dodson*, [454 U.S. 312 (1981)] ... is the only case in which this Court has determined that a person who is employed by the State and who is sued under § 1983 for abusing his position in the performance of his assigned tasks was *not* acting under color of state law. The Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S., at 325. In this capacity, the Court noted, a public defender differs from the typical government employee and state actor. While performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his "professional independence," which the State is constitutionally obliged to respect. *Id.*, at 321-322. A criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State. *Id.*, at 318-319, 320. The Court accordingly concluded that when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he "is not acting on behalf of the State; he is the State's adversary." *Id.*, at 323, n. 13. *See also Lugar v. Edmondson Oil Co.*, 457 U.S., at 936, n. 18.

*Id.* at 50. As a result, Mr. Mascarena fails to state a claim under § 1983 against Mr. Egbert, Mr. Claus, or the Public Defender's Office.

Further, this Court also will abstain from intervention in Mr. Mascarena's state proceedings under the *Younger* abstention doctrine. Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971). Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit

5

interference with the proceeding] unless it is 'both great and immediate.'" *Id*. at 46 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243 (1926)). "The *Younger* doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." *Miofsky v. Superior Court*, 703 F.2d 332, 336 (9th Cir. 1983).

*Younger* abstention is appropriate when the following factors are satisfied: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citation and internal quotations omitted). A claimant may avoid application of the *Younger* abstention doctrine by demonstrating that there is bad faith, harassment, or some other extraordinary circumstance where irreparable injury can be shown. *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971). In practical terms, the *Younger* doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980) (quoting *Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir. 1972)).

This Court's intervention in Mr. Mascarena's ongoing criminal case is barred by *Younger*. Following a review of the complaint and the attachments, the Court finds all criteria for *Younger* abstention are met in the present case. First, this matter is ongoing. Second, Mr. Mascarena's criminal proceedings implicate Montana's important interest in the order and integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Third, Mr. Mascarena has not demonstrated an inability to raise his constitutional challenges in his state proceedings. He may raise his claims at trial or, if necessary, on appeal. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Additionally, the Court would note that it appears Mr. Mascarena is no longer in custody and/or at the Montana State Hospital.[1] Finally, granting relief in the instant matter would have the practical effect of enjoining Mr. Mascarena's ongoing state proceeding. He has not shown irreparable injury will occur without this Court's intervention or demonstrated any other extraordinary circumstance.

---

[1] *See* Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/2002017/ (accessed April 17, 2023).

Because there is no compelling for this Court to intervene, it will abstain; *Younger* provides an additional basis for dismissal.

Sections 1915 and 1915A of Title 28 of the United States Code require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Mr. Mascarena has failed to state a claim upon which relief may be granted because the named defendants are not state actors subject to suit under section 1983 and the *Younger* doctrine directs this Court's abstention. These are defects which could not be cured by amendment; leave to amend would be futile. This matter will be dismissed.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Mascarena's Complaint (Doc. 2) is DISMISSED. The Clerk of Court

is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies that, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, any appeal of this decision would not be taken in good faith.

DATED this 18th day of May, 2023.

_____
Brian Morris, Chief District Judge
United States District Court